LEXINGTON LAW GROUP
Mark N. Todzo, State Bar No. 168389
Ryan Berghoff, State Bar No. 308812
Meredyth L. Merrow, State Bar No. 328337
503 Divisadero Street
San Francisco, CA 94117
Telephone: (415) 913-7800
Facsimile: (415) 759-4112
mtodzo@lexlawgroup.com
rberghoff@lexlawgroup.com
mmerrow@lexlawgroup.com

Attorneys for Plaintiff
JOSEPH DIGIACINTO

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DIGIACINTO, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ALBERTSONS COMPANIES, INC.; SAFEWAY, INC.; AND LUCERNE FOODS, INC.,<br><br>Defendants. | Case No. 4:20-cv-03382-KAW<br><br>**JOINT FURTHER CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date: March 16, 2021<br>Time: 1:30 p.m.<br>Judge: Hon. Kandis A. Westmore |

Pursuant to this Court's Civil Minutes dated December 8, 2020 and the Standing Order for Magistrate Judge Kandis A. Westmore, Plaintiff Joseph Digiacinto ("Plaintiff") and Defendants Albertsons Companies, Inc., Safeway Inc., and Lucerne Foods, Inc. ("Defendants") (collectively, the "Parties") submit this Joint Further Case Management Conference Statement in advance of the Case Management Conference ("CMC") set for March 16, 2021, in the above-captioned action.

## I.  BACKGROUND

The Complaint in this case was filed on May 18, 2020 and the Parties appeared at an initial CMC on December 8, 2020.  At the initial CMC, the Court set a schedule for Defendant to file a Motion for Summary Judgment due by June 10, 2021 and a schedule for Plaintiff to file a Motion for Class Certification due by October 29, 2021.  The Court also determined that the Parties should decide on the ADR process before the further CMC.

The Parties are actively engaged in settlement discussions that could fully resolve this matter.

## II.  JURISDICTION AND SERVICE

On May 18, 2020, Plaintiff, on behalf of himself and all other similarly situated persons in California, filed the operative complaint in the United States District Court for the Northern District of California, *Joseph Digiacinto v. Albertsons Companies, Inc., et al.*, Case No. 4:20-cv-03382-KAW.  Plaintiff completed service as to the only Defendants named in this action.  There are no cross-complaints at this time.

The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d).  The aggregated claims of the individual Class members exceed the sum or value of $5,000,000, exclusive of interests and costs, and at least some members of the proposed Class have a different citizenship from Defendants because each Defendant is not a citizen of California.

## III.  FACTS AND LEGAL ISSUES

### A. Plaintiff's Statement

This case arises under California consumer protection laws in connection with the advertising, marketing, labeling and sale of Defendants' Open Nature brand disposable plates and

1  bowls as compostable (the "Products"). Defendants market and sell the Products as compostable,
2  meaning that they will entirely break down into usable compost. However, Plaintiff alleges the
3  Products cannot be composted because they contain significant amounts of perfluoroalkyl and
4  polyfluoroalkyl substances ("PFAS"), which do not break down and never become part of usable
5  compost. California law prohibits false and misleading environmental marketing claims,
6  expressly including any claims that violate the Guides for use of Environmental Marketing Claims
7  published by the Federal Trade Commission (the "Green Guides'). Cal. Bus. & Prof. Code
8  §17580.5. Pursuant to the Green Guides it is "deceptive to misrepresent, directly or by
9  implication, that a product or package is compostable." 16 C.F.R. § 260.7(a). The Green Guides
10 specifically prohibit labeling a product as compostable "if the presence of [] toxins prevents the
11 compost from being usable." *Id*., § 260.7(d), Example 2. Because the Products contain
12 significant amounts of PFAS that prevent them from breaking down into usable compost, it is
13 deceptive under California law for Defendants to market, advertise and sell the Products as
14 compostable.

15     Many consumers concerned with the environment, and in particular the problems
16 associated with the proliferation of trash and waste, actively seek to purchase products that are
17 compostable because such products can be introduced into the soil rather than into landfills. Due
18 to the overwhelming amount of landfilled waste accumulating in the environment, people look to
19 invest in sustainable alternatives to single-use plastics and packaging, such as products that are
20 compostable. In fact, products that break down into usable compost provide greater
21 environmental benefits than recyclable products—particularly in light of recent reports that the
22 majority of recyclable material does not actually get recycled.

23     Plaintiff alleges that Defendants' marketing and advertising claims that the Products are
24 compostable are uniform, consistent and prominently displayed on all the Products' labels. More
25 specifically, the word "compostable" is conspicuously placed in large font in a green band and the
26 packaging depicts a green circle with a plant growing out of one side, further exacerbating
27 consumers' perception that the Products are compostable and environmentally friendly. In
28 addition to the Products' labels, Defendants has made these representations on their website, on

the internet and in other forms of marketing and advertising.

PFAS are known as "forever chemicals" because they do not break down over time. PFAS are highly persistent synthetic fluorinated chemicals which have been associated with cancer, developmental toxicity, immunotoxicity, and other health effects. Because PFAS do not break down, they accumulate in air, soil, water and in the human body. Under the Green Guides, "[a] marketer claiming that an item is compostable should have competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of, usable compost. . . in a safe and timely manner (i.e., in approximately the same time as the materials with which it is composted) in an appropriate composting facility or in a home compost pile or device." 16 C.F.R. § 260.7(b). Plaintiff alleges that the Products cannot break down into, or otherwise become part of usable compost in a safe and timely manner because they are made with these "forever chemicals."

Worse yet, by encouraging consumers to place the Products in their compost collection bins, there is added concern that the PFAS will seep in the ground and soil, contaminating otherwise-usable compost streams with toxic materials that will not break down over time. These Products are then mixed with other composted materials in an industrial composting facility and turned into soil fertilizer for crops and other food. Thus, Defendants' representations that the Products are compostable are not only deceptive, but also detrimental to public health and the natural environment.

Plaintiff places a high priority on environmental concerns and actively seeks to purchase products that are compostable so that he can minimize his impact to the environment. He purchased the Products in reliance on Defendants' representations that the Products are compostable. Had Plaintiff known that the Products contained PFAS, and thus could not break down, he would not have purchased the Products. Instead, he paid considerably more for the Products that he would have for similar products that are not advertised as compostable.

Thus, as alleged in the FAC, the gravamen of Plaintiff's claims is that while Defendants claim that the Products are compostable, that is not the case. Consumers who rely on Defendants' claims were misled into purchasing the Products that they would not have purchased, or would not

have paid as much as they did, had they known such Products are not compostable.

### B. Defendants' Statement

Defendants deny that they have violated any consumer protection laws in the marketing of their compostable single-use food ware which is sold under the brand name "Open Nature."

These products are made from "bagrasse" which is the byproduct of crushing sugar cane for juice. The Open Nature line of products include plates and bowls which have been certified, through the end of 2019, by both the Biodegradable Plastics Institute (BPI) and TUV Austria, both world leaders in certification of compostable products. In fact, to date there is no Federal or State statute which sets a standard for the level of perfluoroalkyl and polyfluoroalkyl substances ("PFAS") which may be present in compostable single-use food ware. Defendant contends that Plaintiff's allegations are based on a non-existent "PFA"-free standard for compostable food ware. Through December 31, 2019, BPI's requirement for certifying a product as compostable was a level of PFAS less than 100ppm. Defendants' Open Nature brand products have consistently tested within that standard and thus, were certified as compostable. Defendants' Open Nature products manufactured prior to December 31, 20219 consistently test below 10 ppm PFAS.

On January 1, 2020, San Francisco, California became the first city in the country to ban any level of PFAS in single use food ware. In order to comply with the new standard, BPI adopted a stricter PFA standard for compostable single use food ware that mirrors the San Francisco ordinance. As a result, the manufacturing process for Open Nature brand products is being revised to eliminate any PFAS. Due the continuing work on developing new manufacturing processes, no Open Nature products have been manufactured since January 1, 2020. BPI agreed that all products manufactured under the pre-January 1, 2020 standard could continue to be sold until stock was exhausted. Therefore, any Open Nature products purchased by consumers are accurately labeled, and in no way violate consumer protections.

In addition, solid waste collection and recycling companies in California accept Open Nature brand single-use food ware as a compostable product. There is no scientific study which finds that Open Nature products result in any significant level of PFAS in the resulting compost material. While Plaintiff's description of the potential harm from significant levels of PFAS may

be accurate, there is no nexus between any scientific findings and the specific products being sold by Defendants. Defendants are in full compliance with the "Green Guides" because the Open Nature products have been certified by multiple "competent and reliable scientific evidence that all the materials in the item will break down into, or otherwise become part of, usable compost."

Plaintiff's claim to represent a class of wronged consumers is further flawed by the fact that he does not live in San Francisco, the only city in the United States which currently prohibits PFAS in single-use food ware. The solid waste company that serves Plaintiff's residence has specifically confirmed that Open Nature products may be placed in compost waste containers. Therefore, Defendants contend that Plaintiff cannot sustain any successful claims in this matter.

## IV.   MOTIONS

Since the initial CMC, the Court has set a briefing schedule for Defendants' Motion for Summary Judgment and Plaintiff's Motion for Class Certification. *See* ECF No. 28. Accordingly, Defendants' Motion for Summary Judgment is due to be filed June 10, 2021, with the Opposition due on July 1, 2021, the Reply due on July 15, 2021, and the hearing set for August 5, 2021. Plaintiff's Motion for Class Certification is due to be filed on October 29, 2021, with the Opposition due December 6, 2021, the Reply due on January 14, 2022, and the hearing set for February 3, 2022.

The Parties do not anticipate filing other substantive or dispositive motions at this time.

## V.   AMENDMENT OF PLEADINGS

There has been no amendment of pleadings. Plaintiff does not foresee additional amendments at this time.

## VI.   EVIDENCE PRESERVATION

The Parties have taken appropriate steps to ensure the preservation of all information, documents and tangible items, which are relevant to Plaintiff's claims in this action to the extent such information, documents and tangible items are in the Parties' possession, custody and control. On February 11, 2021, the Court entered the Parties' Stipulated Order Regarding the Discovery of Electronically Stored Information, which includes provisions with respect to evidence preservation.

## VII. DISCLOSURES

On December 1, 2020, the Parties served their Initial Disclosures.

## VIII. DISCOVERY

On August 28, 2020, Plaintiff served his first set of written discovery requests on Defendants, which included only Requests for Production of Documents. Defendants provided initial responses on December 11, 2020 and supplemental responses on February 5, 2021. Plaintiff received Defendants' initial document production on December 11, 2020, which consisted only of 61 pages of documents. Defendants have informed Plaintiff that it expects to produce additional documents. The Parties are currently meeting and conferring as to the sufficiency of Defendants' supplemental responses and document production. Plaintiff anticipates serving additional written discovery requests on Defendants, including Requests for Admission and Interrogatories.

### A. Electronically Stored Information

On February 11, 2021, the Court entered the Parties' Stipulated Order Regarding the Discovery of Electronically Stored Information.

### B. Privilege and Protection Issues

On February 17, 2021, the Parties filed a Stipulated Protective Order. The Court requested that the Parties file a declaration describing the differences between the Stipulated Protective Order and the Northern District of California Model Protective Order, which Plaintiff did on February 24, 2021.

## IX. CLASS ACTIONS

### A. Plaintiff's Statement

Pursuant to FRCP 23, Plaintiff brings this case as a class action on behalf of Plaintiff Digiacinto and the proposed Class which is defined as follows: All persons who purchased the Products in California during the applicable statute of limitations period (the "Class"). Specifically excluded from the Class are Defendants; the officers, directors or employees of Defendants; any entity in which Defendants have a controlling interest; and any affiliate, legal representative, heir or assign of Defendants. Also excluded are any judicial officer presiding over

this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action. Plaintiff's counsel has reviewed the Procedural Guidance for Class Action Settlements.

### i. Rule 23(a)

The Class is sufficiently numerous for purposes of FRCP 23(a)(1), as it includes potentially thousands of persons who have purchased Defendants' Products. The exact size of the proposed Class and the identity of its members will be readily ascertainable from the business records of Defendants and Defendants' retailers as well as Class members' own records. Thus, joinder of such persons in a single action or bringing all members of the Class before the Court is impracticable. The disposition of the claims of the members of the Class in this class action will substantially benefit both the Parties and the Court.

There are questions of law and fact common to the Class for purposes of FRCP 23(a)(2). Defendants utilize advertisements and packaging that include uniform label representations that the Products are compostable which are false and misleading. These representations misled Plaintiff Digiacinto and the other members of the Class, and Defendants breached uniform warranties that were made to Plaintiff Digiacinto and the other members of the Class. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the Parties.

Plaintiff Digiacinto further asserts claims that are typical of the claims of the entire Class for purposes of FRCP 23(a)(3). Plaintiff and all members of the Class have been subjected to the same wrongful conduct because they have purchased the Products that are labeled and sold as disposable paper plates and bowls that are compostable, when they are not in fact compostable.

Plaintiff Digiacinto will fairly and adequately represent and protect the interests of the other members of the Class for purposes of FRCP 23(a)(4). Plaintiff Digiacinto has no interests antagonistic to those of other members of the Class. He is committed to the vigorous prosecution of this action and has retained counsel experienced in litigation of this nature to represent him.

### ii. Rule 23(b)

Plaintiff and the Class also meet the requirements of FRCP 23(b). Class certification is

appropriate under FRCP 23(b)(2) because Defendants have acted on grounds that apply generally to the Class, so that final injunctive relief is appropriate respecting the Class as a whole. Defendants utilize product packaging and advertising campaigns which include uniform misrepresentations that misled Plaintiff and the other members of the Class.  Plaintiff Digiacinto seeks to enjoin Defendants' misrepresentations, injunctive relief that will benefit him, the Class and future purchasers of Defendants' Products.

Class certification is appropriate under FRCP 23(b)(3) because common questions of law and fact substantially predominate over any questions that may affect only individual members of the Class.  Proof of a common set of facts will establish Defendants' liability and the right of each member of the Class to relief.  These common legal and factual questions, which do not vary among Class members and which may be determined without reference to the individual circumstances of any Class member include, but are not limited to:

- whether Defendants advertise and market the Products by representing that the Products are compostable;
- whether the Products are compostable as advertised and labeled by Defendants;
- whether the Products contain PFAS;
- whether Defendants' marketing, advertising and labeling claims regarding the compostability of the Products are likely to deceive a reasonable consumer;
- whether Defendants know the Products cannot be composted;
- whether Defendants' representations regarding the compostability of the Products are likely to be read and understood by a reasonable consumer;
- whether Defendants' representations regarding the compostability of the Products are in compliance with the Green Guides (16 C.F.R. § 260.1, *et seq.*);
- whether Defendants' claims regarding the compostability of the Products would be material to a reasonable consumer of the Products;
- whether Defendants' conduct in advertising, marketing and labeling of the Products constitutes a violation of California consumer protection laws;
- whether Defendants' representations concerning the Products constitute express warranties

with regard to the Products;
- whether Defendants' representations regarding compostability constitute representations that the Products have characteristics, benefits or qualities which they do not have;
- whether Defendants advertised their Products without an intent to sell them as advertised;
- whether Defendants charge more for the Products than other similar non-compostable disposable plates and bowls;
- whether Defendants have been unjustly enriched from the sale of the Products;
- whether punitive damages are warranted for Defendants' conduct and, if so, an appropriate amount of such damages; and
- whether Plaintiff and the Class members are entitled to injunctive, equitable and monetary relief.

Defendants utilize advertisements and packaging that include uniform misrepresentations that misled Plaintiff Digiacinto and the other members of the Class. Thus, there is a well-defined community of interest in the questions of law and fact involved in this action and affecting the Parties.

### B. Defendants' Statement

Defendants contend that no class can be certified since the advertising and marketing of Open Nature products is not misleading and does not violate any consumer protections. Identification of any alleged class will be almost entirely dependent on Class Members' self-identification as a small percentage of the sales records maintained by Defendants will contain any consumer identification information. Further, any request for injunctive relief will be moot as the products are no longer manufactured and saleable stock will likely be entirely depleted before a class can be certified. Any Open Nature brand products manufactured in the future will comply with BPI's new PFAS – free requirement for compostable certification.

### X.   RELATED CASES

There are no other related cases or administrative proceedings.

## XI. RELIEF SOUGHT

### A. Plaintiff's Statement

Plaintiff seeks injunctive relief enjoining Defendants from misrepresenting the compostability of the Products unless or until all PFAS are removed from the Products and requiring Defendants to engage in corrective advertising.

Plaintiff Digiacinto, on behalf of himself and the proposed Class, also seeks restitution and compensatory damages to restore to all affected persons all funds wrongfully acquired by Defendants' actions and to compensate members of the Class for Defendants' unjust enrichment and breach of express warranties.  At this time, Plaintiff Digiacinto has not yet determined the full amount of restitution or compensatory damages sustained as a result of Defendants' conduct and may not be able to do so until after discovery and expert reports are completed.  Plaintiff Digiacinto anticipates that restitution or compensatory damages will be calculated, in part, by how much Digiacinto and members of the proposed Class paid for the Products and by how much revenue and/or profit Defendants derived from their sales of the Products in California.  Plaintiff Digiacinto has also reserved the right to seek other damages in this action, including punitive, treble and special damages.

Finally, Plaintiff seeks reimbursement for his reasonable attorneys' fees and costs of suit pursuant to California Code of Civil Procedure § 1021.5, the common fund doctrine, or any other appropriate legal theory.

### B. Defendants' Statement

Defendants seek a Judgment denying all relief requested by Plaintiff.  Defendants contend that any request for injunctive relief is moot due to the revision of the manufacturing process of Open Nature products already underway.  Defendants contend that Plaintiff and any other potential class members failed to seek restitution that is available through Defendants' consumer warranty, and have therefore waived their ability to collect any further restitution or compensatory damages.  As such, Plaintiff should take nothing and Judgment should be entered in favor of Defendants. Defendants further seek an award of attorney's fees and costs.

### XII. SETTLEMENT AND ADR

The Parties are actively engaged in productive settlement discussions between counsel. If the Parties are unable to finalize an agreement without the aid of a neutral, the Parties will utilize private mediation.

### XIII. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

On June 1, 2020, Plaintiff filed his consent to the magistrate judge [ECF No. 10]. On August 24, 2020, Defendants filed their consent to the magistrate judge [ECF No. 18].

### XIV. OTHER REFERENCES

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The Parties request that the Court defer discussion of severance of issues for trial until a later date.

### XVI. EXPEDITED TRIAL PROCESS

The Parties do not believe this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

### XVII. SCHEDULING

Please see the Court's Civil Minutes dated December 8, 2020 [ECF No. 28].

### XVIII. TRIAL

The Parties have requested a trial by jury on all causes of action. The Parties believe that a trial would take no more than ten days.

### XIX. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

On May 18, 2020 concurrent with its Complaint, Plaintiff filed his "Certification of Interested Entities or Persons" pursuant to L.R. 3-15 certifying that other than the named parties, there was no such interest to report [ECF No. 5].

### XX. PROFESSIONAL CONDUCT

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | |
|---|---|
| Dated: March 9, 2021 | LEXINGTON LAW GROUP |
| | |
| | */s/ Mark Todzo* |
| | Mark N. Todzo (State Bar No. 168389) |
| | Ryan Berghoff (State Bar No. 308812) |
| | Meredyth L. Merrow (State Bar No. 328337) |
| | LEXINGTON LAW GROUP |
| | 503 Divisadero Street |
| | San Francisco, CA 94117 |
| | Telephone: (415) 913-7800 |
| | Facsimile: (415) 759-4112 |
| | mtodzo@lexlawgroup.com |
| | rbergoff@lexlawgroup.com |
| | mmerrow@lexlawgroup.com |
| | |
| | Attorneys for Plaintiff |
| | JOSEPH DIGIACINTO |
| | |
| DATED:  March 9, 2021 | KAHN, SOARES & CONWAY, LLP |
| | |
| | /s/ *Richard Conway* |
| | Richard Conway (SBN 81679) |
| | Rissa Stuart (SBN 166459) |
| | Carla Khal (SBN 166491) |
| | |
| | Attorneys for Defendants |
| | ALBERTSONS COMPANIES, INC. |
| | SAFEWAY, INC. |
| | LUCERNE FOODS, INC. |

## **ATTESTATION**

I, Mark Todzo, am the CM/ECF user whose ID and password are being used to file this Joint Case Management Conference Statement.  Pursuant to Local Civil Rule 5-1(i)(3), I hereby attest that, Richard Conway, on whose behalf this filing is jointly submitted, has concurred in this filing.

*/s/ Mark Todzo*
Mark Todzo

**CERTIFICATE OF SERVICE**

I, Mark Todzo, an attorney, hereby certify that on March 9, 2021, I caused a complete and accurate copy of the foregoing document to be served via this Court's ECM/ECF notification system, which will serve electronically to all participants in this case.

*/s/ Mark Todzo*